UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

ROBERT LEE HART, et al.,

Defendants.

Case No. 26-cv-05501-RFL

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. Nos. 1, 2

Plaintiff Eugene Hart, who is representing himself, filed an application to proceed *in forma pauperis*. (Dkt. No. 2.) The application is granted. However, Hart's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

In cases where the plaintiff proceeds *in forma pauperis*, the Court is required to screen the complaint. 28 U.S.C. § 1915(e)(2). If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Pleadings filed by those acting without the benefit of a lawyer must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Nonetheless, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This is one of dozens of complaints Hart has recently filed within this District. *See, e.g.*, Case Nos. 3:26-cv-04731, 4:26-cv-00585, 3:26-cv-00413. In this instance, Hart alleges that the IRS violated "tax laws" and committed "tax-related identity theft" by incorrectly recording that Hart is married to "Veronica." (Dkt. No. 1 at 3–5.) However, Hart does not name the IRS as a defendant; he instead names several individuals without specifying how they are related to the IRS or to Hart's claims. (*Id.* at 1–2, 6.) Hart also fails to allege how or when any of these defendants violated any law. Even construed liberally, Hart's Complaint fails to state a claim upon which relief may be granted and must be dismissed accordingly under 28 U.S.C. § 1915(e)(2).

Hart's Complaint also fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Dismissal is additionally warranted on this basis. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). To comply with Rule 8, a complaint must allege (1) the specific laws or rights the defendants violated; (2) facts showing how each of the defendants violated those laws or rights; (3) how the plaintiff was harmed by the defendants' actions; and (4) what relief the plaintiff seeks. *See Johnson v. Alameda Cnty. Soc. Servs.*, No. 26-CV-01920-TSH, 2026 WL 658408, at *3 (N.D. Cal. Mar. 9, 2026). Hart's Complaint does not include these requirements.

Hart's Complaint is therefore dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). If Hart wishes to file an amended complaint, he must do so by September 21, 2026.

**IT IS SO ORDERED.**

Dated: August 19, 2026

RITA F. LIN
United States District Judge